## CHARLES KIMBALL *vs.* JOHN A. PRESTON.

By submitting a case to the decision of the court upon an agreed statement of facts, all objections to the form of action are waived, unless expressly reserved; although the pleadings are referred to, as part of the case.

ACTION OF CONTRACT for money had and received, described in the plaintiff's bill of particulars as " cash received from five quarters' house rent, at $35 per quarter, $175." Answer, that the defendant never received any such money ; and if he did, that he did not receive it to the plaintiff's use.

The parties submitted the case to the court of common pleas upon the following facts agreed : The real estate, the rents of which are sought to be recovered in this action, was devised by John Ashton, who died before the 20th of July 1846, to his daughter Frances B. Bent, wife of Samuel T. Bent. On said 20th of July, Bent and wife executed an indenture whereby, " in consideration of one dollar to them paid," (and without other consideration,) they conveyed this estate to a trustee in trust to pay the net rents and profits thereof to the separate use of the wife for life, and on her decease, to convey the premises to such person as she should appoint, or in default of such appointment, to her heirs at law. The money sought to be recovered in this action was received by the defendant as agent of the trustee under this indenture. At the time of the execution of this indenture, Samuel T. Bent owned no other property but that included therein. On the 6th of June 1851, the plaintiff levied upon the premises an execution issued on a judgment recovered in an action brought by him upon a promissory note made to him by Samuel T. Bent in 1831. " The writ, declaration and answer to be referred to, as part of the case."

The court of common pleas gave judgment for the defendant; and the plaintiff appealed to this court, where the only point argued by the defendant was that a title to real estate could not be tried in this form of action, brought against a mere agent, who had no title in the premises.

*S C. Bancroft,* for the plaintiff.

*L. Saltonstall,* for the defendant.

BY THE COURT. It is a well settled rule of practice that where parties agree upon a statement of facts, embracing the merits of the controversy, upon the decision of which judgment is to be rendered, all objections as to forms of proceeding are waived, unless expressly reserved. *Haven* v. *Foster,* 9 Pick. 112. *Ellsworth* v. *Brewer,* 11 Pick. 316.     *Judgment for the plaintiff.*